```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GARY ROTH, CATHLENA CASIMANO,
LIAM FAZEKAS, WILLIAM RAYNER,
NICOLE WHITE RAYNER, MARJORIE
DONNELLY, FRANCIS HARVEY,
MARYLYN HARVEY, JUDE OZUZU,
SOL LEINER, LARRY WADE, and
LEARY WADE,

                Plaintiffs,        MEMORANDUM & ORDER
                                   13-CV-5993(JS)(WDW)
        - against-

HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiffs:    Sean Greenwood, Esq.
                   Gauthier Houghtaling and Williams
                   52 Duane Street, 7th Floor
                   New York, NY 10007

For Defendant:     No appearances.
```

SEYBERT, District Judge:

On October 29, 2013, twelve plaintiffs (collectively "Plaintiffs") commenced this action against defendant Hartford Insurance Company of the Midwest ("Defendant") pursuant to, inter alia, the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001, et seq., seeking to recover damages regarding eight different properties resulting from Defendant's purported breach of contract, i.e., its failure to pay the full amount of each Plaintiff's respective claims under an insurance policy issued to him or her by Defendant. For the reasons set forth below, the claims of all Plaintiffs except the first-named plaintiff, Gary Roth ("Roth"),

are sua sponte SEVERED from this action pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and are DISMISSED WITHOUT PREJUDICE to commencing separate actions for each insurance policy issued by Defendant.

BACKGROUND[1]

Plaintiffs separately own real property in this judicial district and separately purchased from Defendant a flood insurance policy to cover their respective properties. (Compl. ¶¶ 1, 4, 9.) Defendant is a "Write Your Own" insurance carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act. (Compl. ¶¶ 3-4.)

Plaintiffs allege damage to their properties due to flooding caused by Superstorm Sandy, which struck the New York metropolitan area on October 29, 2012. (Compl. ¶¶ 11-12.) Plaintiffs claim that they submitted valid insurance claims to Defendant but that Defendant "wrongfully denied or unfairly limited payment on the claims of each Plaintiff." (Compl. ¶¶ 13-14.) Accordingly, Plaintiffs separately assert a breach of contract claim against Defendant based on Defendant's alleged failure and/or refusal to pay Plaintiffs' individual insurance claim. (Compl. ¶¶ 16-21.)

Based on the allegations of the Complaint, the only

---

[1] The following facts are drawn from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

things Plaintiffs' claims share in common are that (1) Plaintiffs purchased a flood insurance policy from Defendant (Compl. ¶ 9); and (2) Plaintiffs submitted insurance claims for damage caused by the same storm, which Defendant ultimately "wrongfully denied or [for which Defendant] unfairly limited payment." (Compl. ¶ 13-14.) Plaintiffs allege that Defendant issued Plaintiffs "Standard Flood Insurance Policies" but Plaintiffs do not state whether the policies are identical or if they even contain similar terms. (Compl. ¶ 3.) Plaintiffs also allege that Superstorm Sandy "severely damag[ed]" their properties but Plaintiffs do not explain the nature and extent of the damage to these distinct properties. (Compl. ¶ 11.) Plaintiffs do not allege that the properties are in the same location. Moreover, Plaintiffs do not explain why Defendant denied and/or unfairly limited payment for their claims, or even whether Defendant did so for the same reason.[2]

## DISCUSSION

Plaintiffs allege that their claims are properly joined under Rule 20(a) of the Federal Rules of Civil Procedure "because they present similar claims against a common Defendant and involve questions of fact or law that are common to all Plaintiffs." (Compl. ¶ 7.) The Court disagrees. As explained below, the facts alleged in the Complaint do not satisfy the first precondition to

---

[2] Besides identifying the locations of the properties, the Complaint actually does not include a single factual allegation linked specifically to each Plaintiff.

3

joinder under Rule 20(a), i.e., that Plaintiffs' claims arise out of the same "transaction" or "occurrence."

I.  Permissive Joinder of Plaintiffs

Rule 20(a)(1) permits the joinder of multiple plaintiffs in an action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1). These elements are preconditions and both must be met for joinder to be proper. Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) ("As is clear from the plain language of [the Rule], both criteria must be met for joinder to be proper."). While "[t]he requirements of Fed. R. Civ. P. 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding, the requirements of the rule still must be met and constrain the Court's discretion." Kalie v. Bank of Am. Corp., --- F.R.D. ----, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (internal quotation marks and citation omitted). "If a court concludes that [parties] have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever [those] parties . . . from the action." Id.

In determining whether claims arise out of the same "transaction" or "occurrence" under Rule 20(a), "courts are to look

4

to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Id. (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)). Plaintiffs bear the burden of demonstrating that joinder is proper under Rule 20(a). Deskovic, 673 F. Supp. 2d at 159.

Here, Plaintiffs' claims do not arise out of the same transaction or occurrence. Courts in this District have recently applied the standards set forth above to almost identical lawsuits seeking insurance coverage for property damage caused by Superstorm Sandy and have summarily held that joinder is not appropriate. See, e.g., Dante v. Nat'l Flood Ins. Program, No. 13-CV-6207, 2013 WL 6157182, at *2 (E.D.N.Y. Nov. 22, 2013) (collecting similar cases from the Eastern District of Louisiana and the Southern District of Mississippi denying joinder of insurance claims related to property damage caused by Hurricane Katrina); Baiardi v. The Standard Fire Ins. Co., No. 13-CV-5912, 2013 WL 6157231, at *2-3 (E.D.N.Y. Nov. 21, 2013). As these courts recognized, despite the fact that a single natural disaster, Superstorm Sandy, caused the damage to Plaintiffs' properties, Plaintiffs' claims do not arise out of the same transaction or occurrence because "[t]he claims involve entirely different factual and legal issues, including each property's respective condition and location before the storm, the value of the properties, and the extent of damage sustained."

5

Dante, 2013 WL 6157182, at *2 (quoting Sucherman v. Metro. Prop. & Cas. Ins. Co., Nos. 06-CV-8765, 05-CV-6456, 2007 WL 1484067, at *2 (E.D. La. May 21, 2007)).  Thus, with respect to damages, Plaintiffs' individual claims undoubtedly will require different evidence relating to the cause, and extent, of the loss.  Plaintiffs' individual claims also may require particularized evidence on the issue of whether the policies actually provide coverage for Plaintiffs' claims because Plaintiffs purchased separate insurance policies and Defendants may have different reasons for denying and/or limiting payment for Plaintiffs' individual claims.

As far as the Court can tell from the Complaint here, the only material commonalities between Plaintiffs' claims are that Plaintiffs' properties suffered damages caused by the same storm and that Plaintiffs present similar legal theories against a common defendant.  However, the mere presence of a common defendant and "common questions of law or fact does not satisfy the same transaction or occurrence requirement."  Id. at *3 (holding that plaintiffs' separate insurance claims for damages caused by Superstorm Sandy did not arise out of the same transaction or occurrence because plaintiffs "failed to explain why their individual claims should be joined other than that they share two common facts--that they were brought about by Hurricane Sandy and brought against [the same defendant]--and may raise similar theories of law") (quoting McNaughton v. Merck & Co., No. 04-CV-

8297, 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004)); see Abraham v. Am. Home Mortg. Servicing, Inc., --- F. Supp. 2d ----, 2013 WL 2285205, at *4 (E.D.N.Y. May 23, 2013) (holding that plaintiffs' "separate mortgage transactions d[id] not constitute a single transaction or occurrence" and stating that "even claims by plaintiffs who engaged in separate loan transactions by the same lender cannot be joined in a single action").

With no common transaction or occurrence among Plaintiffs' claims, the Court therefore finds that Plaintiffs' claims are not properly joined under Rule 20(a). Accordingly, the remaining claims of all Plaintiffs except the first-named Plaintiff Gary Roth are sua sponte SEVERED from this action and are DISMISSED WITHOUT PREJUDICE to commencing a separate action for claims related to his or her insurance policy. See Kalie, 2013 WL 4044951, at *6 (holding that where there is "no common transaction or occurrence, severance and dismissal of the misjoined claims is mandatory").

II. Severance Under Rule 21

Finally, the Court notes that, even if the presence of common defendants or a single natural disaster were sufficient to satisfy Rule 20(a), the Court would reach the same result in exercising its discretion under Rule 21 of the Federal Rules of Civil Procedure.

Rule 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop

7

a party . . . [and] severe any claim against any party." FED. R. CIV. P. 21. In deciding whether to sever a claim under Rule 21, courts generally consider, in addition to the preconditions set forth in Rule 20(a), "[1] whether settlement of the claims or judicial economy would be facilitated; [2] whether prejudice would be avoided if severance were granted; and [3] whether different witnesses and documentary proof are required for the separate claims." Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp., 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (quoting Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd., 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)). "A court should consider whether severance will 'serve the ends of justice and further the prompt and efficient disposition of litigation.'" Crown Cork, 288 F.R.D. at 332 (quoting T.S.I. 27, Inc. v. Berman Enters., Inc., 115 F.R.D. 252, 254 (S.D.N.Y. 1987)); see also In re Ski Train Fire in Kaprun, Austria, on November 11, 2004, 224 F.R.D. 543, 546 (S.D.N.Y. 2004).

Here, joinder of Plaintiffs' claims involving separate insurance policies does not serve the interest of judicial economy. There will be little, if any, overlapping discovery and Plaintiffs' individual breach of contract claims will require distinct witnesses and documentary proof. See Boston Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co., No 03-CV-3923, 2004 WL 1586429, at *2 (S.D.N.Y. July 15, 2004) (severing breach of insurance policy claims even though policies were identical because joinder would

8

not serve the interests of judicial economy or efficiency). Furthermore, settlement of the claims is likely to be facilitated if the claims relating to separate insurance policies are litigated separately. See Adams v U.S. Bank, NA, No. 12-CV-4640, 2013 WL 5437060, at * 4 (E.D.N.Y. Sept. 27, 2013). In addition, "[a] joint trial could lead to confusion of the jury and thereby prejudice defendants." Kalie, 2013 WL 4044951, at * 6 (internal quotation marks and citation omitted). Thus, for these reasons, the Court also finds that the Rule 21 factors require severance.

## CONCLUSION

For the reasons stated herein, all claims by Plaintiffs other than Roth are sua sponte SEVERED pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and are DISMISSED WITHOUT PREJUDICE to commencing separate actions for each insurance policy issued by Defendant. Any plaintiff wishing to commence a separate action must do so within thirty (30) days of the date of this Memorandum and Order.

Additionally, the statute(s) of limitations for any claim asserted herein is tolled for a period of thirty (30) days from the date of this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT  
JOANNA SEYBERT, U.S.D.J.

Dated: December __13__, 2013  
       Central Islip, New York